United States v. John Coffin Thank you Good morning My name is Danielle Nerone-Riley and I do represent John Coffin in his appeal here today as the appellant John Coffin has asked me to appeal this case and we're appealing this case based on the fact Thanks, I'm not as tall as the last guy Based on the fact that it is perceived or we believe there to be a Rule 11 violation such that there was not sufficient inquiry to make this court satisfy that it was a knowing voluntary and an intelligent plea Specifically I think that the district court in essence challenged the fact that how he does pleas and how it's always been done in the court up there is that there's a plea agreement and thereby it's incorporated It's the position of the appellant that that's not sufficient under Rule 11 that there has to be a personal inquiry and it's even compounded in this case based upon the fact that the allegations as set forth in the superseding count 2 do not allege a crime. In essence he's charged with a violation of 924 C based on possession of a firearm and ammunition in furtherance of a drug trafficking crime Apart from that, I seem to remember in this case that the indictment also referred to 922 Right And so I thought there was, the impression I got was that there was some question about whether the defendant knew that he was pleading to 924 as opposed to 922 Right, and if you look at So could you go through that for me? Sure, and now the government is backtracking indicating that it's a typographical error However in their plea agreement they make specific allegations indicating that he unlawfully possessed the firearm Similarly when John Coffin made a motion, albeit pro se, to withdraw his plea of guilty He specifically addressed the 922 G and the failure for the government to allege the nexus with the interstate commerce So thereby the record is clear that he's indicating he believes that he's pleading to the 921 G1 in conjunction with the 924 C So I think it calls into question My understanding here is that it's not per se improper to do what the judge did in terms of referring to the plea agreement But that if there are circumstances that raise a question about the defendant's understanding of what he's pleading to as a result of all these proceedings Then that would be maybe a different matter Right, and I think that that could all be solved by a simple inquiry What makes you guilty of these crimes? But also if the court will look at the fact that the plea agreement is so confusing It alleges the wrong crime, wrong section, and in fact the crime that doesn't even exist That being possession of ammunition and furtherance of a drug traffic in crime So for all those reasons we're making a motion Or Mr. Coffin made a motion to withdraw his plea of guilty because his plea was not knowing voluntary and intelligent In addition to that, you know the court just indicated that it wasn't a per se violation of the Rule 11 I believe that the question becomes is it sufficient just to incorporate And I don't think that it is I think that the district court should have to make inquiry So that the court is satisfied that the elements have met So that the court is satisfied that a defendant is in fact pleading guilty There are cases though that permit this Maybe you think that they're wrongly decided But I don't think we've ruled out the possibility of Judge Sharp doing it this way Personally I might agree with you It seems to me that it's up to the district judge really has to be satisfied And the district judge is running the operation And it's not just the government that he understands what he's pleading to And it's a hugely momentous decision And most judges I don't think follow this practice No and that's correct And if you look at the other circuits and you look at the way But this court even this court has held that it's sufficient If there's some indication that a defendant in fact knows what he's pleading to I don't think that the mouthing of the words Yes sir did you read you know the paragraphs is sufficient Especially when the paragraphs in this case again delineate a crime that doesn't exist Add the 922 G which in essence Mr. Coffin by all accounts believed that he was pleading to As a felon in possession which was not the case So for these reasons Mr. Coffin is making him he made a motion And I believe that motion should have been granted Additionally I would like to address the the sentencing that occurred in this case By all accounts the guideline sentence was a 60 month guideline sentence And what had happened is that the probation department did a calculation For a crime for which Mr. Coffin wasn't convicted The defendant in the government neither of us were able to be heard As to how it jumped from a level 20 to a level 27 And if the court will recall that's exactly what the district court in fact relied upon In almost doubling the guideline sentence So we're asking the court also to determine that that was an unreasonable sentence Given what was placed on the record Given the absence of what was on the record Correct But with that if the court doesn't have any further questions Thank you Oh and you have not reserved your bottle okay thank you very much Mr. Silver Thank you your honor may it please the court Before the court considers the procedures that were employed during the plea allocution The court has to decide whether the defendant's waiver Of his right to appeal his conviction should be enforced Ironically oddly I'm not sure what the right word is But the one thing that was perfectly clear during the plea allocution Is that the defendant had a very clear understanding of his waiver of the right to appeal Indicating to judge sharp When judge sharp explained that if the sentence exceeds 120 months You can appeal the sentence but not the conviction Mr. Coffin replied I can appeal the sentence but the guilt that the plea is still good Meaning I'm still convicted is what he said So all of the claims that Mr. Coffin now makes with respect to the plea allocation That go to whether or not he was properly convicted Are precluded by the very clear waiver But isn't our jurisprudence Not necessarily directly on point but such that if there is Confusion some problem with the entry of the plea of guilty Then that fact alone sort of trumps the plea waiver At least up to a point Yes and that is exactly what I was going to say I think there may come a point where a plea allocation is so obscure Blurred that it affects the waiver But the waiver here is just so clear that a rule 11 violation Should not undermine it in my opinion Well let me give you a hypothetical Because I think it somewhat falls in line with what we're looking at here You know I was told that I was going to be entering a guilty plea to X And my attorney said that was a good deal And all of that happened and it turns out all of a sudden I am now guilty of something that I did not comprehend at the time Now we see those a number of times But that seems to me is a set of facts that puts into play The viability of the plea agreement And therefore the waiver contained within it Sort of from the get-go I would not argue if that's what occurred So why is this case different from that? This case is very different from that Because the indictment alleged only a nine The count of the indictment, count two of the indictment To which Mr. Coffin pled Only alleged a 924C violation In terms of the elements and the relevant facts In terms of the text of the Yes 922 as a statute was cited There is clearly an improper citation to 922G In the indictment But nothing about being a felon in possession of a firearm Is alleged in the count of the indictment But it was also, it wasn't just in the indictment It was also in the plea agreement As a statutory citation But the plea agreement correctly sets forth the elements of the 924C offense And correctly sets forth facts that are only relevant to a 924C offense The 922G reference is nothing more than a surplusage Of improper statutory recitation And at the time of the plea Mr. Coffin indicated to Judge Sharp That he read the plea agreement Read the indictment Went over the plea agreement with counsel Understood its terms It was only at the time of sentencing Which occurred some significant time later That Mr. Coffin began to make allegations with respect to the Citation to 922G But there was nothing about that at the time of the plea allocation Well, the other point is that as I understand it In the PSR He was He made points that the The plea agreement, that the rifle in question here Was for protection in light of recent burglaries And which is inconsistent with Seems to me with use and furtherance of the drug trafficking crimes And if that's the case, doesn't that bear on this question Even though it's, you know It's a It's in the PSR If the burglaries were not of Marijuana or the proceeds of marijuana dealing Then yes, I would agree with you But in addition to that The factual basis for the plea In his plea agreement Mr. Coffin agreed expressly  Distribution of marijuana And that, Judge Sharp did go over that very clearly with him at the time of the plea So even to the extent what Mr. Coffin might have said to the Probation officer That contradicted what he said at the time of his plea under oath I don't think that would be sufficient to undermine the plea Does it really contradict it or does it Can it be aligned? It can be aligned to the extent What was robbed, what was taken from the house Relates to the trafficking in marijuana Which was carried on within the house And that is what That's factually what occurred during the investigation And that's what Mr. Silver, you're a trusted officer of this court Can you just explain to me why Judge Sharp Has decided on this particular practice Whether any of the other judges up there in the northern district do it I'm not aware of How anyone else, that anyone else uses this practice This is the only time I've seen it You can see that when he does it Issues can arise like this That would have been obviated had there been an open dialogue In court I agree, Your Honor And There's a significant difference in the way Judge Sharp treated A determination about whether there's a factual basis By referencing the plea agreement And the way he treated Whether the defendant understood the elements of the charge By referencing the plea agreement in its entirety Rather than referring him to the particular paragraph That contained those elements I don't know if I made my point clearly But I do think that What Judge Sharp did, if it's not in compliance With Rule 11 Then it is harmless error Because of the statements Mr. Coffin made At the time of his entry of his guilty plea Which was, I did go over the indictment I did go over the plea agreement With my counsel And I understand what's in there So I think the record is clear That he does understand Or did understand at the time of the entry of the plea What he was pleading guilty to With respect to the sentencing issue It is correct that the guideline for A 924C charge is 60 months But the commentary to the applicable guideline Indicates that an upward departure may be appropriate If the defendant is not found to be a career offender Which is the case here And I do have to apologize to the court On page 45 of my brief I refer to note 4 of the guideline And it's actually note 2 of the guideline So, given that a departure Is specifically contemplated by the guidelines Given what Judge Sharp said about This defendant's criminal history An upward departure was not an abuse of discretion And I believe in Mr. Coffin's opening brief He says he was sentenced as if he were a career offender That's not correct The judge did not go to criminal history category 6 And the corresponding offense level for a career offender He essentially utilized the guidelines For being a felon in possession Simply as a guide post To determine the extent of the departure And we submit that there was no abuse of discretion In doing so Unless the court has further questions I'm prepared to rest on the brief Thank you Thank you both Thank you both We'll reserve decision in this case